UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Douglas E. Arpert |
| v. | : | Mag. No. 22-6056 |
| DYWANN PUGH | : | **ORDER FOR CONTINUANCE** |

1. This matter came before the Court on the joint application of Philip R. Sellinger, United States Attorney for the District of New Jersey (Matthew J. Belgiovine, Assistant U.S. Attorney, appearing), and defendant Dywann Pugh (Abraham N. Basch, Esq., appearing) for an order granting a continuance under 18 U.S.C. § 3161(h)(7)(A).

2. This Court granted two § 3161(h)(7)(A) continuances previously in this case totaling 116 days, as of April 1, 2023.

3. Counsel for the parties represented that this additional continuance is necessary for effective preparation and to permit the parties to attempt to resolve this case prior to indictment and thereby avoid a trial.

4. Counsel for the United States also represented that this additional continuance is necessary to prevent any more non-excludable days under § 3161(h) from expiring.

5. The defendant knows that he has the right under § 3161(b) to have this matter submitted to a grand jury within thirty days after his arrest.

6. The defendant, through counsel, has consented to this continuance.

7. FOR GOOD CAUSE, THIS COURT FINDS that this case should be continued for the following reasons:

- 2 -

    a.    The pre-indictment discovery the United States is voluntarily providing the defendant involves numerous documents and audio and video recordings that defense counsel requires adequate time to review.

    b.    Despite the exercise of diligence, therefore, the circumstances of this case require giving defense counsel a reasonable amount of additional time for effective preparation.

    c.    Plea negotiations are currently in progress, and both the United States and the defendant desire additional time to negotiate a plea agreement, which would render grand jury proceedings and a trial in this matter unnecessary.

    d.    Consequently, the ends of justice served by granting the continuance and preventing any further non-excludable days from passing under § 3161(h) outweigh the best interest of the public and the defendant in a speedy trial.

IT IS, therefore:

ORDERED that this action is continued for the period from April 1, 2023 through May 31, 2023; and it is further

ORDERED that the period from April 1, 2023 through May 31, 2023 shall be excluded in computing time under the Speedy Trial Act of 1974; and it is further

ORDERED that nothing in this Order or the application prompting it is a finding or representation that less than 31 non-excludable days under § 3161(h) have expired.

_____
Hon. Douglas E. Arpert
United States Magistrate Judge

Dated: 3/31/2023

Form and entry consented to:

/s/ Matthew J. Belgiovine
Matthew J. Belgiovine
Assistant U.S. Attorney

/s/ Eric A. Boden
Eric A. Boden
Attorney-in-Charge
Trenton Branch Office

/s/ Abraham N. Basch
Abraham N. Basch, Esq.
Counsel for Defendant Dywann Pugh